Filed 8/20/24  P. v. Bounlord CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098924 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR900008) |
| v. | |
| LO BOUNLORD, | |
| Defendant and Appellant. | |

After a jury found defendant Lo Bounlord guilty of numerous offenses, the trial court sentenced defendant to upper terms for three of those offenses.  On appeal, defendant essentially argues the court abused its discretion in imposing the upper terms based solely on his prior convictions.  We disagree and affirm.

**BACKGROUND**

In 2022, defendant barricaded himself in his residence and shot at six police officers multiple times over the course of several hours.  A jury found him guilty of six

1

counts of assault with a firearm upon a peace officer (Pen. Code, § 245, subd. (d)(1)),[1] one count of second degree burglary (§ 459), and one count of grand theft of a firearm (§ 487, subd. (d)(2)). The jury found true as to each of the assaults that defendant personally used a firearm (§ 12022.53, subd. (b)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). The jury was unable to reach verdicts on six counts of attempted murder (§§ 187, subd. (a), 664) and those charges were ultimately dismissed. Defendant pleaded no contest to possession of a firearm by a felon. (§ 29800 (a)(1).)

In his sentencing brief, defendant claimed the trial court could not impose the upper term, in part because no aggravating factors had been alleged in the charging document. Though defendant acknowledged he had prior convictions, he contended they were "of a de minimis nature" and thus insufficient to justify the upper term. In mitigation, defendant raised his mental illness and chronic drug use, arguing "[n]o person in his right mind would have committed the crimes alleged."

The People submitted a certified rap sheet delineating defendant's prior convictions, which included two misdemeanor convictions from 2004, a 2007 felony conviction for cultivating marijuana, a 2007 felony conviction for possessing an assault weapon, a 2014 misdemeanor conviction for making criminal threats, and a 2014 misdemeanor conviction for assault with a deadly weapon.

At sentencing, the trial court stated that it had "read and considered all the reports" and "all the briefs," including the "certified rap sheet with the defendant's priors." As relevant here, the court ultimately found that the "aggravating factors outweigh those in mitigation, being the defendant's prior convictions and the totality of the circumstances"

---

[1] Undesignated statutory references are to the Penal Code.

and imposed the upper term of eight years in prison on three of the assault convictions. Defendant's aggregate sentence was 54 years in prison.

Defendant timely appealed.

## DISCUSSION

Defendant's argument on appeal is somewhat unclear. In the heading of his brief, he argues his upper term sentences "must be reversed as there were no aggravating factors alleged or properly found by the court under . . . section 1170, subdivision (b)(3)." Section 1170, subdivision (b)(3) concerns what type of records are required to prove a defendant's prior convictions for sentencing purposes. But defendant never argues that his prior convictions were improperly based on the certified rap sheet submitted by the People. Nor does he maintain that "no aggravating factors" were properly found, as he admits that "the only aggravating factor the court could . . . consider was the fact of appellant's prior convictions, based on the certified record." Rather, defendant contends in the body of his brief that the court erred in imposing the upper term because there were factors in mitigation and his prior convictions were "de minimis" in nature. Thus, in essence, defendant argues the trial court abused its discretion in concluding that the aggravating circumstances outweighed the mitigating circumstances, justifying the upper term.[2]

The People argue defendant forfeited his claim. To the extent defendant now argues his prior convictions were improperly proven, such a claim is forfeited as defendant never objected on this basis below. (*People v. Scott* (1994) 9 Cal.4th 331, 356; *People v. Tully* (2012) 54 Cal.4th 952, 992.) But defendant's broader argument--that the

---

[2] As part of this argument, defendant claims the trial court "never specifically articulated the factors it was using to justify imposition of the upper term." The record belies this assertion.

3

upper term was not warranted given his limited prior record of convictions--was raised in the trial court and thus is preserved for appeal.**3**

On the merits, we find no abuse of discretion. " 'An abuse of discretion is found where the court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." ' " (*People v. Gonzalez* (2024) 98 Cal.App.5th 1300, 1317.) Here, the court properly found an aggravating factor based on a certified record of conviction and imposed the upper term after concluding that the "aggravating factors outweigh those in mitigation," as permitted by statute. (See § 1170, subd. (b)(2) ["The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term"]; § 1170, subd. (b)(3) ["the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].) Though defendant characterizes his prior convictions as "de minimis," he was convicted of two felonies and four misdemeanors within a 10-year time period. Three of these convictions--possession of an assault weapon, assault with a deadly weapon, and making criminal threats--are relevant to the three counts of assault with a firearm at issue. As our Supreme Court recently explained, "nothing in section 1170[, subdivision ](b)(2) prohibits the court from imposing an upper term sentence based on a single, properly proven aggravating circumstance *if*, in the court's discretion, *that circumstance alone justifies* a sentence exceeding the middle term." (*People v. Lynch* (Aug. 1, 2024, S274942) __ Cal.5th __

---

**3** It bears mention that though this argument was raised below and is discussed in defendant's brief, it is not set forth in the brief's heading. "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.) But because the People do not raise this point and because the subheadings in defendant's brief accurately state his argument, we decline to find the claim forfeited.

4

[2024 Cal. Lexis 4157].)  The trial court was thus within its discretion to impose the upper term based solely on defendant's prior convictions.

**DISPOSITION**

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:


_____/s/_____
Earl, P. J.


_____/s/_____
Wiseman, J.*

---

**\*** Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.